UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD B. SPENCER,<br><br>  Plaintiff,<br><br>vs.<br><br>N. FAIRFIELD, et al.,<br><br>  Defendants | Case No. 1:14 cv 00754 LJO GSA PC<br><br>ORDER DISMISSING COMPLAINT AND GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT<br><br>AMENDED COMPLAINT DUE<br>IN THIRTY DAYS |

**I.      Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union

1

Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Plaintiff's Claims

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at the California Substance Abuse Treatment Facility at Corcoran (SATF), brings this civil rights action against defendant CDCR officials employed by the CDCR at SATF. Plaintiff names as defendants Correctional Officers Fairfield, Lopez and Aguirre. Plaintiff claims that he was subjected to retaliation in violation of the First Amendment.

Plaintiff alleges that on March 20, 2013, Defendants Lopez and Fairfield transferred him to a different cell. Fairfield told Plaintiff that he needed his cell for a "DPP predator.[1]" Plaintiff had a chrono for a lower tier and lower bunk housing. Plaintiff alleges that other cells had inmates with only one occupant and who did not possess a chrono for a lower tier or lower bunk. On April 18, 2013, Plaintiff filed a grievance against Defendants Lopez and Fairfield. The grievance was granted at the first level, partially granted at the second level and denied at the third level. Plaintiff does not specify specifically what the grievance issue was, or what specifically was granted.[2]

On January 3, 2014, Plaintiff received a CDC 128A (custodial counseling chrono) from Defendant Aguirre. Plaintiff alleges that this was an adverse action against Plaintiff for filing a grievance against Aguirre. Plaintiff filed a grievance against Aguirre on January 7, 2014, for filing a false chrono. Plaintiff's grievance was partially granted. Plaintiff's own exhibit B, however, belies Plaintiff's allegation that the counseling chrono was filed in retaliation for filing an inmate grievance. Plaintiff's exhibit B indicates that the counseling chrono simply stated that

---

[1] The Court presumes Plaintiff is referring to a Disability Placement Plan inmate. In the amended complaint, Plaintiff should indicate if he has a different definition of a DPP inmate.

[2] Plaintiff refers the Court to documents attached to his complaint. The Court will not review Plaintiff's exhibits in order to make the complaint complete. Plaintiff must specifically allege all facts in support of his claim in the body of the complaint.

2

Plaintiff told staff that he had a "shower anytime" chrono when, in fact, Plaintiff had a "shower per custody" chrono.

Plaintiff alleges that Defendants Lopez and Fairfield transferred Plaintiff from their building "from a desire to punish and retaliate against him for exercising his constitutional right in filing grievance in relationship to his incarceration." Plaintiff alleges that Lopez falsely told the Appeals Coordinator that the bed move was made to accommodate another inmate who required lower tier and lower bunk housing and that there were no other available cells. Plaintiff asserts the conclusory allegation that because Lopez and Fairfield failed to transfer inmates who were in a cell by themselves and who did not possess a lower bunk or lower tier chrono, they were in fact punishing Plaintiff for filing grievances.

### A.     **Retaliation**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a 1983 claim. Rizzo v. Dawson, 778 F.2d 5527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Plaintiff concludes that because his cell move was ordered after he filed a grievance, the cell move was taken in retaliation for filing an inmate grievance. Plaintiff alleges no facts that support such a conclusory allegation. Plaintiff has no protected interest in being housed in a particular cell. Should Plaintiff feel that Defendants have somehow put him in danger or harmed him by ignoring his lower tier/lower bunk chrono, he should assert his claim under the Eighth Amendment. Further, Plaintiff has not alleged any facts indicating that any action on the part of

3

Defendants chilled his First Amendment activity.  That Defendants made a decision that, in Plaintiff's view, makes no sense does not subject them to liability for retaliation.  This claim must therefore be dismissed.  Plaintiff will, however, be granted leave to file an amended complaint.

Plaintiff need not, however, set forth legal arguments in support of his claims.  In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law.   Plaintiff should state clearly, in his or her own words, what happened.  Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.   Plaintiff has failed to do so here.

### III.     Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d

at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

      Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send to Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and
5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

      IT IS SO ORDERED.

Dated: **January 15, 2015**

**/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE