UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD B. SPENCER,<br><br>            Plaintiff,<br><br>     vs.<br><br>N. FAIRFIELD, et al.,<br><br>            Defendants. | 1:14-cv-00754-LJO-GSA-PC<br><br>ORDER RE PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL OF DEFENDANT E. AGUIRRE UNDER RULE 41<br>(ECF No. 12.)<br><br>ORDER FOR CLERK TO REFLECT THE DISMISSAL OF DEFENDANT E. AGUIRRE FROM THIS ACTION ON THE COURT'S RECORD |

        Edward B. Spencer ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on May 15, 2014.  (ECF No. 1.)  On January 15, 2015, the Court dismissed the Complaint for failure to state a claim, with leave to amend.  (ECF No. 8.)  On February 17, 2015, Plaintiff filed the First Amended Complaint, naming three defendants:  N. Fairfield, R. A. Lopez, and E. Aguirre.  (ECF No. 11.)

        On July 20, 2015, Plaintiff filed a request to voluntarily dismiss defendant E. Aguirre and all of Plaintiff's claims against defendant E. Aguirre from this action, without prejudice.

(ECF No. 12.)  The Court construes Plaintiff's request as a notice of dismissal under Rule 41(a)(1).  In <u>Wilson v. City of San Jose</u>, the Ninth Circuit explained:

> Under Rule 41(a)(1), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment.  <u>Concha v. London</u>, 62 F.3d 1493, 1506 (9th Cir. 1995) (citing <u>Hamilton v. Shearson-Lehman American Express</u>, 813 F.2d 1532, 1534 (9th Cir. 1987)).  A plaintiff may dismiss his action so long as the plaintiff files a notice of dismissal prior to the defendant's service of an answer or motion for summary judgment.  The dismissal is effective on filing and no court order is required.  <u>Id.</u>  The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice.  <u>Id.</u>; <u>Pedrina v. Chun</u>, 987 F.2d 608, 609-10 (9th Cir. 1993).  The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice.  <u>Concha</u>, 62 F.2d at 1506.  Unless otherwise stated, the dismissal is ordinarily without prejudice to the plaintiff's right to commence another action for the same cause against the same defendants.  <u>Id.</u> (citing <u>McKenzie v. Davenport-Harris Funeral Home</u>, 834 F.2d 930, 934-35 (9th Cir. 1987)).  Such a dismissal leaves the parties as though no action had been brought.  <u>Id.</u>

<u>Wilson v. City of San Jose</u>, 111 F.3d 688, 692 (9th Cir. 1997).  In this case, defendant E. Aguirre has not filed an answer or motion for summary judgment in this action.  Therefore, Plaintiff's notice of dismissal is effective, and defendant E. Aguirre and all of Plaintiff's claims against defendant E. Aguirre are dismissed from this action.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's notice of dismissal is effective as of the date it was filed;
2. Defendant E. Aguirre and all of Plaintiff's claims against defendant E. Aguirre are DISMISSED from this action, without prejudice; and
3. The Clerk of the Court is DIRECTED to reflect the dismissal of defendant E. Aguirre on the Court's docket.

IT IS SO ORDERED.

Dated: __**October 28, 2015**__         __/s/ Lawrence J. O'Neill__
                                          UNITED STATES DISTRICT JUDGE