UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD B. SPENCER,<br><br>       Plaintiff,<br><br>    v.<br><br>N. FAIRFIELD, et al.,<br><br>       Defendants. | 1:14-cv-00754-DAD-EPG-PC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM (ECF No. 11.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

**I.  BACKGROUND**

Edward B. Spencer ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on May 19, 2014.  (ECF No. 1.)

The Court screened the Complaint under 28 U.S.C. § 1915A and entered an order on January 15, 2015, dismissing the Complaint for failure to state a claim, with leave to amend. (ECF No. 8.)  On February 17, 2015, Plaintiff filed the First Amended Complaint, which is now before the Court for screening.  (ECF No. 11.)

**II.  SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, Courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678. While factual allegations are accepted as true, legal conclusions are not. Id.

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations to state a plausible claim for relief. Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

**III.   SUMMARY OF FIRST AMENDED COMPLAINT**

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at the California Substance Abuse Treatment Facility at Corcoran (SATF), brings this civil rights action against defendant CDCR officials employed by the CDCR at SATF. Plaintiff names as defendants Correctional Officers Fairfield and Lopez.[1] Plaintiff claims that he was subjected to retaliation in violation of the First Amendment.

---

[1] Defendant E. Aguirre was dismissed per Plaintiff's Voluntary Dismissal under Rule 41. (ECF No. 14.)

Plaintiff alleges in his First Amended Complaint that Defendants Fairfield and Lopez removed Plaintiff from Building E4-134 to E2-150 because he filed a grievance. Plaintiff states that Defendants did this "to discourage him and other inmates not to file grievances against them." (ECF No. 11, at 8 ¶9.) He claims that "[t]his removal would chill him and other inmates from engaging in first Amendment Activities," and "Defendants' actions did not advance any legitimate penological goal." (Id.) Plaintiff cites in support that Defendant Fairfield informed his supervisor that he has no problem rehousing Plaintiff back into Building E4 with a cell if one comes available, but then over a year passed without doing so. Plaintiff also claims that Defendant Fairfield said "We have accommodated you enough." (ECF No. 11, at 9 ¶12.) Plaintiff alleges that the change in cells was adverse because Plaintiff has a chrono for lower tier and lower bunk housing, and other Building E4 cells had inmates who had only one occupant and did not posses a chrono for lower tier and lower bunk.

### IV. PRIOR SCREENING ORDER

The Court[2] previously screened an earlier version of Plaintiff's complaint and dismissed it with leave to amend. (ECF No. 10.) In that order, the Court reviewed the elements of a claim for retaliation in violation of the First Amendment right to speech. It then found that Plaintiff failed to state a claim under that law for the following reasons:

> Plaintiff concludes that because his cell move was ordered after he filed a grievance, the cell move was taken in retaliation for filing an inmate grievance. Plaintiff alleges no facts that support such a conclusory allegation. Plaintiff has no protected interest in being housed in a particular cell. Should Plaintiff feel that Defendants have somehow put him in danger or harmed him by ignoring his lower tier/lower bunk chrono, he should assert his claim under the Eighth Amendment. Further, Plaintiff has not alleged any facts indicating that any action on the part of Defendants chilled his First Amendment activity. That Defendants made a decision that, in Plaintiff's view, makes no sense does not subject them to liability for retaliation. This claim must therefore be dismissed. Plaintiff will, however, be granted leave to file an amended complaint.

(ECF No. 8, p. 4-5.)

///

///

---

[2] The prior screening order was issued by Magistrate Judge Gary Austin.

## V. APPLICABLE LAW

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

### Rule 8(a)

Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); see McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996) (a complaint must make clear "who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

### Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a 1983 claim. Rizzo v. Dawson, 778 F.2d 5527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

## VI. ANALYSIS OF FIRST AMENDED COMPLAINT

This Court finds that Plaintiff's First Amended Complaint suffers from the same deficiencies as Plaintiff's original complaint and thus should be dismissed. Plaintiff does not allege sufficient facts to support the inference that he was moved from one bunk to another in other to quell his speech or in retaliation for filing grievances. Merely being moved after filing a grievance is not enough to establish such an inference. Plaintiff does not allege that Defendants stated that he was being moved in retaliation. Instead, he alleges that Plaintiff Fairfield said that "We have accommodated you enough." (ECF No. 11, at 9 ¶12.) That statement does not lead to the inference that the move was in retaliation, and in an effort to quell, First Amendment rights.

Moreover, Plaintiff does not have a protected interest in a particular cell or type of cell. The prison is entitled to house Plaintiff at either of the cells he listed. Plaintiff does not allege that the other cell was dangerous or harmful. For the same reason, Plaintiff does not allege facts indicating that this retaliation chilled his speech. The facts as alleged do not indicate that Plaintiff would refrain from filing further grievances because his cell was moved.

## VII. CONCLUSION AND RECOMMENDATIONS

The Court finds that Plaintiff's First Amended Complaint fails to state any cognizable claim upon which relief may be granted under § 1983. The Court previously granted Plaintiff leave to amend the complaint, with ample guidance by the Court. Plaintiff has now filed two complaints without stating any claims upon which relief may be granted under § 1983. The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Accordingly, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. This action be DISMISSED in its entirety, with prejudice, for failure to state a claim upon which relief may be granted; and
2. This dismissal count as a STRIKE pursuant to 28 U.S.C. § 1915(g).

///

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 11, 2016**            /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE