UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD B. SPENCER,<br><br>             Plaintiff,<br><br>       v.<br><br>N. FAIRFIELD, et al.,<br><br>             Defendants. | No. 1:14-cv-00754-DAD-EPG<br><br>ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS, GRANTING MOTION FOR LEAVE TO AMEND, FINDING THE SECOND AMENDED COMPLAINT STATES A CAUSE OF ACTION, AND INITIATING SERVICE<br><br>(Doc. Nos. 16, 19) |

Edward B. Spencer ("plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 11, 2016, the assigned magistrate judge issued findings and recommendations recommending this action be dismissed due to plaintiff's failure to state a claim upon which relief may be granted. (Doc. No. 16.) On February 29, 2016, plaintiff filed objections to the findings and recommendations as well as a motion seeking leave to file a second amended complaint. (Doc. Nos. 17, 19.) Plaintiff also lodged a proposed second amended complaint. (Doc. No. 20.)

/////

1

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, the undersigned has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, including plaintiff's objections to the pending findings and recommendations and his motion to amend, the undersigned declines to adopt the findings and recommendations.

In his complaint, and in his proposed first amended complaint, plaintiff alleges claims for retaliation against defendants Correctional Officers Fairfield and Lopez.  The magistrate judge screened the initial complaint and dismissed it for failure to state a claim and granted leave to amend.  (Doc. No. 8.)  Plaintiff filed a first amended complaint on February 17, 2015.  (Doc. No. 11.)  In the pending findings and recommendations, the assigned magistrate judge finds concluded that the first amended complaint failed to state any cognizable claims, and that the deficiencies could not be cured by further amendment.  Accordingly, the magistrate judge recommended the complaint be dismissed without further leave to amend.

Plaintiff objects to the magistrate's findings and recommendations and requests leave to file a second amended complaint.  Plaintiff's argument in support of his motion to amend is found in his objections to the findings and recommendations.  (Doc. No. 17.)  Therein, plaintiff argues he should be permitted to further amend the complaint because his proposed second amended complaint cures the noted deficiencies in the first amended complaint.  Plaintiff has submitted a second amended complaint for the court's consideration.  As discussed below, the undersigned finds plaintiff's proposed second amended complaint does state a claim against defendants. Accordingly, the case will be referred back to the assigned magistrate judge for further proceedings.

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend their pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a).  Otherwise, a party may amend only by leave of court or by written consent of the adverse party.  *Id.*  "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).  However, courts "need not grant leave to amend where the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces

an undue delay in the litigation; or (4) is futile." *Id.* Because plaintiff has already amended his complaint once, he requires leave of court to file a second amended complaint. Since this case is before the court for screening under 28 U.S.C. § 1915A, there is no prejudice to the opposing party or undue delay in the litigation if further amendment were to be permitted. Therefore, the only basis for not permitting amendment is if it is futile.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005). *Accord Watison v. Carter*, 668 F.3d 1108, 1114–15 (9th Cir. 2012); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009). The adverse action need not be an independent constitutional harm, and the "mere *threat* of harm can be an adverse action." *Watison*, 668 F.3d at 1114.

The first element for such a claim requires plaintiff to allege an adverse action. Adverse actions that have been held sufficient by the Ninth Circuit under this test include situations where: 1) officers "arbitrarily confiscated, withheld, and eventually destroyed [a plaintiff's] property, threatened to transfer [the plaintiff] to another correctional institution, and ultimately assaulted him," *Rhodes*, 408 F.3d at 568; 2) an officer "filed a false disciplinary charge" against plaintiff, resulting in him being placed in administrative segregation and having a parole board deny his parole, *Watison*, 668 F.3d at 1115; and even 3) where an officer noted on the denial of an appeal form, "I'd also like to warn you to be careful what you write, req[u]est on this form," *Brodheim v. Cry*, 584 F.3d 1262, 1265–66, 1269–71 (9th Cir. 2009). Here, plaintiff alleges he was moved to a different housing block, which housed more violent offenders, two weeks after filing a prison grievance against defendant Fairfield. (Doc. No. 20 at ¶¶ 15–17, 44(b).) Given the decisions cited above, the undersigned concludes that moving an inmate to a different cell in a different housing block—especially when it is alleged that block houses more violent inmates and affords fewer opportunities than the prisoner's housing—could be sufficiently adverse to satisfy this element of the above test.

Second, plaintiff must allege that he engaged in protected conduct. It is indisputable that filing a prison grievance is protected conduct under the First Amendment. *See Watison*, 668 F.3d at 1114 (citing *Rhodes* 408 F.3d at 568).

Third, plaintiff must allege a causal connection between the protected conduct and the adverse action. "Because direct evidence of retaliatory intent rarely can be pleaded in a complaint, allegation of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal." *Watison*, 668 F.3d at 1114 (citing *Pratt v. Rowland*, 65 F.3d 802, 808 (9th Cir. 1995)). Here, plaintiff alleged he was transferred between units in the same prison two weeks after submitting a prisoner grievance about defendant Fairfield. (Doc. No. 20 at ¶¶ 15–17.) Plaintiff also alleges when he requested to be allowed to move into an empty bunk in another inmate's cell instead of being transferred, he was refused and told by defendants, "We have accommodated you enough." (Doc. No. 20 at ¶ 30.) The alleged housing transfer is sufficiently close in time to the protected conduct for a retaliatory intent to be inferred and is sufficient to survive dismissal at this stage of the litigation.

Fourth, plaintiff alleges this retaliatory conduct had a chilling effect on both his and other prisoner's exercise of their First Amendment rights. (Doc. No. 20 at ¶ 44(a)–(h).) This is in part because plaintiff alleges that the two units house offenders of different security levels (Doc. No. 20 at ¶ 44(b)), because one unit has fewer dayroom activities than the other (Doc. No. 20 at ¶ 44(d)), and because such transfers may deprive inmates of contact with friends they have developed in a given housing unit (Doc. No. 20 at ¶ 44(e)).

Fifth, plaintiff alleges this transfer did not advance a legitimate penological goal, because the reason given by defendants—that they needed a full cell into which to transfer a new prisoner—was belied by their refusal of plaintiff's offer to share a double-occupancy cell with another prisoner who was living alone, thereby freeing up a full cell. (Doc. No. 20 at ¶ 20–32.) The Ninth Circuit has noted the factors the Supreme Court has announced may be considered in analyzing this prong of the applicable test: 1) whether there is a valid rational connection between the regulation or decision at issue and a legitimate, neutral government interest put forward to justify it; 2) the existence of alternative means of inmates exercising their First Amendment

1  rights; 3) the impact accommodation of the right will have on guards, other inmates, and the
2  allocation of prison resources generally; and 4) the absence of ready alternative available to the
3  prison for achieving their objectives. *Brodheim*, 584 F.3d at 1272 (citing *Shaw v. Murphy*, 532
4  U.S. 223, 228 (2001)).

5        The undersigned concludes plaintiff has pleaded sufficient facts, which if taken as true
6  and when considering the timing, suggest his housing transfer was retaliatory.  Defendants may
7  well be able to provide a legitimate penological reason for the transfer that defeats plaintiff's
8  retaliation claim.  However, plaintiff has provided enough facts to suggest he was given a reason
9  which, assuming the truth of the facts plaintiff states and drawing the appropriate inferences in his
10 favor, was pretextual.  Indeed, the Ninth Circuit has found this prong satisfied at the pleading
11 stage when a plaintiff successfully pleads the conduct at issue is retaliatory, presumably because
12 retaliatory conduct meant to inhibit First Amendment expression can never be a legitimate
13 penological goal.  *See Watison*, 668 F.3d at 1115–17.

14                                                   CONCLUSION
15     For the reasons set forth above:
16     1. The findings and recommendations (Doc. No. 16) are not adopted;
17     2. Plaintiff's motion for leave to file a second amended complaint (Doc. No. 19) is
18        granted, and the Clerk of Court is directed to file the second amended complaint, which
19        was lodged on February 29, 2016 (Doc. No. 20);
20     3. Plaintiff's second amended complaint is found to state a cognizable claim for First
21        Amendment retaliation against the defendants, as required under 28 U.S.C. § 1915A;
22     4. Service should be initiated on all defendants.  The Clerk of Court is directed to send
23        plaintiff two (2) USM-285 forms, two (2) summons, a Notice of Submission of
24        Documents form, an instruction sheet, and a copy of the second amended complaint, filed
25        February 29, 2016 (Doc. No. 20);
26     5. Within thirty (30) days from the date of service of this order, plaintiff should complete
27        and return to the court the Notice of Submission of Documents form along with the
28        following documents:

      a. Two (2) completed summons,

      b. One (1) completed USM-285 form for each defendant,

      c. Three (3) copies of the second amended complaint filed February 29, 2016; and

6. Upon receipt of the above-described documents, the court directs the United States Marshal's Service to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payments or costs.

IT IS SO ORDERED.

Dated: **July 29, 2016**               /s/ Dale A. Drozd
                                     UNITED STATES DISTRICT JUDGE